Dear Mr. Kearns:
Our office is in receipt of an opinion request from you as to questions concerning St. Tammany Parish Hospital Service District No. 2. Your letter provides that the governing authority of the District, its Board of Commissioners, is authorized to appoint an "advisory board" by Act 562
of 2003 (which amended Act 180 of 1984).
Your request asks our office to address the following questions:
 (1) Is the advisory board characterized as a public body? If so,
 (2) Is the advisory board subject to open meetings laws and public records laws?
 (3) Is the advisory board authorized to meet in executive session to discuss marketing strategies and strategic planning as provided by La.R.S. 46:1073?
For the purposes of the Public Records Act, which can be found at La.R.S. 44:1 et seq., a "public body" is defined as:
 any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
La.R.S. 44:1 (A)(1).
Additionally, for the purposes of the Open Meetings Laws, which can be found at La.R.S. 42:4.1 et seq., a "public body" includes: *Page 2 
 village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
La.R.S. 42:4.1 (A)(2).
The advisory board for the St. Tammany Parish Hospital District No. 2 is created pursuant to Section 2.1(M) of Act 562 of 2003, which amended Act 180 of 1984. Its purpose is to "provide suggestions, input and comment in developing programs and administering services to provide the maximum assistance in supporting and encouraging better health and better health care for the residents of the district." Section 2.1(M) of Act 562
of 2003. Additionally, this Act provides that the advisory board shall render a report of its study and findings to the board of commissioners on any matter directed by the board of commissioners.
Pursuant to the Public Records Act, La.R.S. 40:1 et seq., and the Open Meetings Laws, La.R.S. 42:4.1 et seq., these laws shall apply to public bodies. The advisory board was formed by the St. Tammany Hospital Service District No. 2, a public body with policy making, advisory or administrative functions. It is the opinion of this office, based on the function and purpose of the advisory board, as provided for in Section 2.1(M) of Act 562 of 2003, that the advisory board is a public body for the purposes of the Open Meetings Laws and Public Records Act.
In the past, our office has viewed advisory boards that are similarly situated to the advisory board for the St. Tammany Hospital Service District No. 2 as public bodies. See Atty. Gen. Op. Nos. 92-726 (the Caddo Parish Special Education Advisory Council is a public body); 01-81 (a committee or sub-committee of the Ascension Parish Council is subject to open meetings laws); 89-481 (a private citizen's advisory committee to the Mayor is subject to the open meetings laws); 92-299 (the Jefferson Parish Library Board, an advisory board to the public library, is required to comply with open meetings laws). The advisory board for the St. Tammany Hospital Service District No. 2 is a public body.
Your request also asks us to address the applicability of La.R.S.46:1073, which provides:
 A. In addition to powers and duties otherwise provided and notwithstanding any law to the contrary, a hospital service district may develop marketing strategies for its existing hospital health services or any *Page 3 
hospital health service to be provided in the future and may develop strategic plans for the development of any future hospital health service or facility.
 B. Notwithstanding the provisions of R.S. 42:4.1 et seq. or any other law to the contrary, a hospital service district commission may hold an executive session for the discussion and development of marketing strategies and strategic plans.
 C. Notwithstanding the provisions of R.S. 44:1 et seq. or any other law to the contrary, any marketing strategy and strategic plan of a hospital service district commission and the facility owned or operated by the district shall not be public record and shall be confidential but shall be subject to court subpoena.
While the advisory board is subject to the Open Meetings Laws and Public Records Laws, it is also afforded the exceptions contained in these bodies of law. Consistent with previous Attorney General Opinions 96-350 and 07-0046, the advisory board is authorized to meet in executive session to discuss marketing strategies and strategic planning as provided by La.R.S. 46:1073.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC:EAB